IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NESTOR JOSE PALACIOS DELGADO,

    Petitioner,

v.                                                                                                         2:26-cv-00203-KG-DLM

WARDEN,
OTERO NEW MEXICO DETENTION FACILITY et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Nestor Jose Palacios Delgado's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 9. For the reasons below, the Court grants the petition.

### *I.     Background*

    Mr. Palacios Delgado, a 35-year-old Ecuadorian citizen, entered the United States approximately 10 years ago without inspection. Doc. 1 at 4. He "lives with his partner and United States citizen child, whom he works to support." *Id.* Immigration and Customs Enforcement ("ICE") agents arrested Mr. Palacios Delgado on January 11, 2026. *Id.* ICE "incorrectly deemed" him "ineligible for bond and subject[ed]" him "to mandatory detention." *Id.* at 1–2. He is currently being held at the Otero Detention Processing Center in New Mexico. *Id.* Mr. Palacios Delgado argues his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. *Id.* at 10.

### *II.    Standard of Review*

    A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

### III.   Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Palacios Delgado's detention, (B) his detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

#### A.   *Section 1226 governs Mr. Palacios Delgado's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s

2

detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3. The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). The Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Palacios Delgado's detention. ICE arrested him 10 years after his most recent entry into the United States and did not apprehend him at or near the border. Doc. 1 at 4. Accordingly, § 1225's mandatory detention provision does not apply because Mr. Palacios Delgado effected an entry into the United States by living here for a decade. *Pu Sacvin*, 2025 WL 3187432, at *3. Indeed, the Government concedes that the facts of this case are "substantially similar" to those in *Patel v. Noem,* 2026 WL 103163 (D.N.M.), where this Court concluded that § 1226 applied. Doc. 9 at 2.

    **B.**    *Mr. Palacios Delgado's detention violates his right to due process.*

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.). Here, Mr. Palacios Delgado has a protected liberty interest. Once released from immigration detention, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond." *Danierov*, 2026 WL 45288, at *2. Over the past 10 years, Mr. Palacios Delgado's freedom has allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal

3

life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  Indeed, Mr. Palacios Delgado lives with his partner and U.S. citizen child, "whom he works to support."  Doc. 1 at 4.

Moreover, Mr. Palacios Delgado was also entitled to procedural safeguards before he was detained.  In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  To start, Mr. Palacios Delgado's private interest in remaining free from detention is substantial.  "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  There is also a significant risk of erroneous deprivation.  Courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before ICE detains noncitizens residing in the United States.  *Danierov*, 2026 WL 45288, at *2.  Mr. Palacios Delgado was detained after residing here for a decade absent a bond hearing.  Doc. 2 at 3.  No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.  Finally, the Government's interest in detaining Mr. Palacios Delgado without a bond hearing is limited, and the administrative burden of providing a bond hearing is minimal.  *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

      **C.**      ***The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Palacios Delgado is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. Palacios Delgado's "unlawful[] detention[] in violation of his constitutional rights" shifts that burden to the Government. *Salazar*, 2025 WL 2676729, at *6. This Court joins most other district courts in concluding that a noncitizen's "strong private interest in being free from civil detention" outweighs the Government's comparatively minimal burden to justify custody. *Id.* (collecting cases).

**IV.**    **Conclusion**

The Court therefore grants Mr. Palacios Delgado's petition, Doc. 1. The Court orders that the Government provide him with a bond hearing under § 1226(a) before an immigration judge within seven days of this Order. At that hearing, the Government must justify Mr. Palacios Delgado's continued detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, it must release him. The Court further orders the Government to file a status report within ten days of this Order confirming that it has either provided Mr. Palacios Delgado with a bond hearing or released him.

      IT IS SO ORDERED

      /s/Kenneth J. Gonzales
      CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

Case 2:26-cv-00203-KG-DLM   Document 10   Filed 02/19/26   Page 6 of 6